# PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. MCGRATH, III
CHRISTOPHER M. HOULIHAN
THOMAS M. LAMBERTI
STEPHEN J. MACRI
HARVEY I. SCHNEIDER
MARY ELLEN DONNELLY
JOSEPH B. CARTAFALSA
GEOFFREY H. WARD
ANDREA HYDE
E. PARKER NEAVE
MARK A. HERNANDEZ
JAMES M. STRAUSS
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX (212) 682-9380
PUTNEYLAW.COM

740 BROAD STREET
SUITE 2
SHREWSBURY, NJ 07702
(732) 379-6020
TELEFAX: (732) 345-9444
___
1205 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX (516) 746-0599
___
2500 NORTH MILITARY TRAIL, SUITE 200
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100
___
COUNSEL
CHARLES J. GROPPE
ALEXANDER NEAVE
MICHAEL T. MCGRATH

January 12, 2016

**Via ECF**
Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1640
New York, New York 10007

Re:   Thomas Baba et al. v. Beverly Hills Cemetery Corporation, Inc. et al.
      S.D.N.Y. 15 CV 05151 (CM)

Dear Judge Moses:

This firm represents Defendant, Beverly Hills Cemetery Corporation Inc. ("Beverly Hills") in the above-referenced matter. In accordance with Your Honor's January 12, 2016 Order, this letter sets forth Defendant's position regarding the parties' discovery dispute involving putative class information.

The Court granted conditional certification of a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA") for all individuals who are or were employed as Family Service Counselors and/or Advanced Planning Counselors by Defendant since July 1, 2012 ("Covered Employees"). After the Court granted conditional certification, on December 1, 2015, Plaintiff's counsel transmitted a Court-approved Notice of Pendency of Lawsuit Regarding Wages. To date, only one individual, John Kobeck has opted in to the action. Notably, Plaintiff has not yet moved for class certification under Federal Rule of Civil Procedure 23.

Despite the fact that only one individual has opted in to the action and Plaintiff has not yet moved for class certification under Rule 23, Plaintiff has sought to discover documents and information pertaining to the individual members of the putative class. These discovery requests

Hon. Barbara Moses
United States Magistrate Judge
January 12, 2016
Page 2

seek personnel and payroll records which pertain to the merits of the case rather than the appropriateness of certification. Courts in this circuit routinely deny such requests for Rule 23 precertification discovery about individual potential class members. Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) ("[plaintiffs] are only entitled to discovery related to either the named plaintiffs or to company policies to support a motion (not yet filed, much less granted) for class certification; plaintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification"); Charles v. Nationwide Mut. Ins. Co., Inc., 2010 WL 7132173 (E.D.N.Y. May 27, 2010) (refusing to compel production of time records of potential class members before class is certified); Dziennik v. Sealift, Inc., 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006).

      Consistent with this precedent, Defendant has only produced responsive information and documents pertaining to the named Plaintiff, Thomas Baba, and the lone opt-in, John Kobeck, and it has agreed to provide such information and documents for any additional individuals who opt in to the action. Defendant also remains willing to respond to discovery requests tailored to seek information that relate to the appropriateness of certification.

      We thank Your Honor for your consideration.

                                          Respectfully submitted,

                                          /s/ RMT

                                          Robert M. Tucker

cc:    C.K. Lee, Esq.