# LEE LITIGATION GROUP, PLLC

30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:          212-465-1188
                          cklee@leelitigation.com

March 24, 2016

**Via ECF**
The Honorable Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *Baba, et al. v. Beverly Hills Cemetery Corporation, Inc., et al.*
      Case No. 15-cv-5151

Dear Judge McMahon:

We are counsel to Plaintiffs. We respectfully submit this letter with the consent of and no objection from counsel to Defendants, in response to Your Honor's March 22, 2016 Memo Endorsement regarding the Notice of Acceptance with Offer of Judgment that Plaintiffs filed on March 18, 2016. For the reasons stated below, the parties believe that the Court's approval of Plaintiffs' acceptance of Defendants' Offer of Judgment made pursuant to Fed. R. Civ. P. 68 is not required.

## ARGUMENT

The rule set forth by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) is not applicable in the context of an offer of judgment under Rule 68. *Cheeks* held that parties are not permitted to settle FLSA claims with prejudice through a private stipulated dismissal under Rule 41(a)(1)(A)(ii) without first obtaining judicial approval. *Cheeks*, 796 F.3d at 206. But *Cheeks* does not consider whether the same limitation applies to an Offer of Judgment under Rule 68. In fact, *Cheeks* does not even mention Rule 68. Further, the *Cheeks* court acknowledged that the applicability of its holding is limited beyond Rule 41(a)(1(A)(ii), noting that it does not apply to a separate provision of Rule 41. *See* Id. at 201, n.2 ("…we leave for another day the question of whether parties may settle [cases with FLSA claims] without court approval…by entering into a Rule 41(a)(1)(A) stipulation without prejudice.")

In *Barnhill v. Stark Estate*, 2015 U.S. Dist. LEXIS 125115 (E.D.N.Y. Sep. 17, 2015), the court held that judicial approval of an Offer of Judgment under Rule 68 is not required. *Cheeks* reasoned that the FLSA falls within the "applicable federal statute" exception of Rule 41, thereby restricting parties from stipulating to dismiss FLSA claims with prejudice pursuant to Rule 41 absent a court order. *Cheeks*, 796 F.3d at 206.  In *Barnhill*, the court noted that unlike Rule 41, Rule 68 includes no "applicable federal statute" exception "that restricts its use and that would

permit excluding the FLSA from its reach". *Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *3. Therefore, "[t]o hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it." Id. at *3-4.

Moreover, the potential for abuse in settlements pursuant to Rule 41 stipulated dismissals is substantially less significant in the context of Rule 68 offers of judgment. A major concern expressed by the *Cheeks* court was that without judicial supervision, secret settlements made through private stipulated dismissals under Rule 41 might include confidentiality clauses designed to prevent information regarding employers' FLSA violations from spreading. *Cheeks*, 796 F.3d at 206. However, as the *Barnhill* court noted, the danger to the FLSA's remedial purpose presented by restrictive confidentiality provisions is entirely mitigated in the context of Rule 68. Unlike stipulations of dismissal under Rule 41 (which ensure that the terms of settlement remain private) Rule 68 offers of judgment are "just as publicly available as a filed settlement agreement." *Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *7.

*                    *                    *

Based on the foregoing, Plaintiffs respectfully request that the Court order the Clerk to enter judgment in favor of Plaintiffs pursuant to the accepted Offer of Judgment. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*

cc: all parties via ECF