UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────x

THOMAS BABA, ET AL.,

        Plaintiffs,

-against-                             15 Civ. 5151 (CM)

BEVERLY HILLS CEMETERY CORPORATION INC.,

        Defendant.

──────────────────────────────x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/16
```

## MEMORANDUM ORDER TO THE CLERK OF COURT

McMahon, J.:

      The court has been presented with a Notice of Acceptance of an Offer of Judgment pursuant to Fed. R. Civ. P. 68.

      Notwithstanding the provisions of Rule 68(a), the Clerk of the Court is directed NOT to enter judgment on the accepted offer, but to hold the matter in abeyance while this court considers the potential applicability of the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2015) to the resolution of an FLSA case using the vehicle of a Rule 68 Offer of Judgment.

      The parties are invited to offer fuller briefing on this issue by no later than April 15, 2016. I have done some research myself, and I appreciate that precious little (aside from Judge Cogan's recent opinion in *Barnhill v. Stark Estate*, 2015 U.S. Dist LEXIS 125115 (E.D.N.Y. Sept 17, 2015)) has been written on this subject. However, it is perfectly obvious that Rule 68 offers an easy way around the *Cheeks* decision; and it appears to this court that there are sound reasons why "settlements by private stipulation" effectuated pursuant to Rule 68 are ripe for abuse (and "settlements by private stipulation" – the exact phrase used by the panel in *Cheeks* – Rule 68 Offers of Judgment most surely are, because they finally resolve a lawsuit short of trial, by private agreement and with prejudice).

      The critical provision of Rule 68 in this regard is Rule 68(d), which provides, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." The coercive effect of this clause could prove particularly acute in FLSA cases, because in the Rule 68 context there exists a very

real possibility that the interest of counsel and client will collide when a Rule 68 offer is presented.

Nearly all FLSA matters are taken on contingency, given the small amounts at stake. But the contingency is not a percentage of the plaintiff's recovery, as is standard in most personal injury cases that are litigated on contingency. Both the FLSA and the New York Labor Law are fee-shifting statutes, which give a prevailing plaintiff the right to an award of reasonable attorneys' fees, 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). Given the small amounts at stake in these actions, fee awards made by the court offer counsel almost always offer counsel more remuneration than a standard "percentage of the settlement" contingency fee, while preserving the entire judgment of unpaid wages, together with any punitive awards, for the employee (a result Congress was determined to achieve).

The problem is that these statutory attorneys' fees qualify as "costs" for purposes of Rule 68(d). *See Marek v. Chesney*, 473 U.S. 1, 8-9 (1985). What that means is that an attorney whose client does not accept a Rule 68 Offer of Judgment must litigate the rest of the case knowing that even if his client wins s/he could lose – because of the final award to the plaintiff (exclusive of attorneys' fees) is not equal to or greater than the Offer of Judgment (which is often made inclusive of attorney's fees, as it is in this case), the attorney's right to a fee award is cut off as of the date the Offer is declined. The offeree – the FSLA plaintiff – will almost never be in a position to foot the bill for continued representation.

Rule 68 is written to be "coercive" – it is designed to get both the defendant and the plaintiff to think seriously about the merits of his or her case. In many cases that "coercion" is salutary. However, in cases where "costs" include statutory attorneys' fees – cases like FLSA cases, or employment discrimination cases, where Congress has deliberately undertaken to be very protective of the prevailing plaintiff, given the interests at stake -- the rule is doubly coercive, and in a most unfortunate way. A client may not with to compromise in a wages and hours case, but a lawyer confronted with a Rule 68 award may not wish to take the chance that s/he will have to go forward and litigate a case through trial on what is effectively a pro bono basis. This conflict can undermine even the best attorney-client relationship; it could even subconsciously influence advice given to the client

The potential for a serious attorney-client conflict of interest would seem to render the need for court approval or Department of Labor supervision of what I will call "the Rule 68-style settlement" particularly acute – far more so than in the context of a *negotiated* settlement, which is what is contemplated by Rule 41(a)(1). There is no negotiation under Rule 68 – the defendant dictates the terms, and in a fee shifting case, the plaintiff's lawyer bears all the risk.

The court has read the decision in *Barnhill* and I find it perfectly persuasive as far as it goes. The literal language of Rule 68 does not contemplate any exceptions; the rule contains no "any applicable federal statute" language, as there is in Rule 41(a)(1). But neither does the FLSA say anything about court approval or DOL supervision of any settlements, whether negotiated or

not. The Second Circuit admitted as much in *Cheeks*, which was a policy-based decision, albeit one that took into account more than a half century of (admittedly limited) jurisprudence.

This strikes the court as a very important issue, and it should be fully aired before the Clerk enters the contemplated judgment. It may be that this case should take the same unusual procedural route to the Second Circuit that *Cheeks* itself took. But sufficient unto the day.

Of course, the parties are perfectly free to ask the court to take a look at the settlement they have reached and approve it -- which might be preferable to opening up this hornet's nest.

IT IS SO ORDERED

Dated: March 31, 2016

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
SERVED PERSONALLY ON THE CLERK OF THE COURT