UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――x

THOMAS BABA, et al.

       Plaintiffs,

   -  against  -                           **Case No.** 15-cv-5151

BEVERLY HILLS CEMETERY
CORPORATION INC., et al.

       Defendants.
―――――――――――――――――――――――――――x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO THE CLERK OF COURT TO ENTER JUDGMENT ON THE ACCEPTED RULE 68 OFFER OF JUDGMENT**

C.K Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………….……………………………………….1

BACKGROUND……………………………………..…………………………….2

ARGUMENT………………………….……………….………...3

    I.    RULE 68 (a) REQUIRES THAT THE CLERK OF COURT ENTER JUDGMENT ON THE ACCEPTED OFFER………………………….3

    II.    JUDICIAL INTERFERENCE IN CONTRACTUAL AGREEMENTS ON THE BASIS OF ABSTRACT POLICY CONSIDERATIONS IS DISFAVORED, EVEN IN THE FLSA CONTEXT…………………...4

    III.    THE SECOND CIRCUIT'S *CHEEKS* DECISION DOES NOT MANDATE COURT APPROVAL OF ACCEPTED RULE 68 OFFERS BEFORE JUDGMENT MAY BE ENTERED……………...7

    IV.    SOME COURTS HAVE IMPROPERLY READ AN FLSA EXCEPTION INTO RULE 68………………………………………….9

    V.    THE IMPOSITION OF A REQUIREMENT THAT PARTIES SEEK JUDICIAL APPROVAL OF ACCEPTED RULE 68 OFFERS WOULD HAVE DISASTROUS PRACTICAL CONSEQUENCES FOR PLAINTIFFS…………………………………………….......11

# **TABLE OF AUTHORITIES**

**CASES**

*Am. Express Co. v. Italian Colors Rest.*,
   133 S. Ct. 2304 (2013)……………………………………………………………5

*Banegas v. Gen. Lawn Serv. Corp.*,
   No. 13-3728, 2014 U.S. Dist. LEXIS 98009, (D. Md. July 17, 2014)……………9

*Barnhill v. Stark Estate*,
   2015 U.S. Dist. LEXIS 125115 (E.D.N.Y. Sep. 17, 2015)…………………*passim*

*Baum v. Cty. of Rockland*,
   2005 U.S. Dist. LEXIS 8751, (S.D.N.Y. Jan. 7, 2005)…………………………..11

*Beauchamp v. Anaheim Union High Sch. Dist.*,
   No. 14-56212, 2016 U.S. App. LEXIS 480 (9th Cir. Mar. 16, 2016)…………….3

*Bevier v. Blue Cross & Blue Shield*,
   337 Fed. Appx. 357 (4th Cir. 2009) (per curiam)……………………………...3 - 4

*Boswell v. Bonnaroo Rest. Grp. II, L.P.*,
   No. CV 115-165, 2016 U.S. Dist. LEXIS 23971, (S.D. Ga. Feb. 26, 2016)….....9

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2d Cir. 2015)……………………………………………..*passim*

*Corado v. Nevetz Eleven Ice Cream Parlour*,
   No. 15-CV-5985, 2016 U.S. Dist. LEXIS 45992 (E.D.N.Y. Apr. 5, 2016)………7

*DiRussa v. Dean Witter Reynolds*,
   121 F.3d 818 (2d Cir. 1999)……………………………………………………..5

*Ducharme v. Rhode Island*,
   30 F.3d 126 (1st Cir. 1994) (per curiam)……………………………………….3

*Goodheart Clothing Co. v. Laura Goodman Enters.*,
   962 F.2d 268, 272 (2d Cir. 1992)………………………………………………..4

*Harris v. City of N.Y*,
   2004 U.S. Dist. LEXIS 12879 (S.D.N.Y. July 7, 2004)………………………...4

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982)………………………………….....….…...9 - 10

*Mackenzie v. Kindred Hosps. E.*,
 276 F. Supp. 2d 1211 (M.D. Fla. 2003)……………………………......…….*passim*

*Mallory v. Eyrich*,
 922 F.2d 1273 (6th Cir. 1991)…………………………………………………….3

*Marek v. Chesny*,
 473 U.S. 1 (1985)……………………………………………………….....…1, 12

*Perkins v. U.S. West Communs*,
 138 F.3d 336 (8th Cir. 1998)……………………………...………………………3

*Perez v. Pinon Mgmt.*,
 No. 12-cv-00653, 2013 U.S. Dist. LEXIS 189027, (D. Colo. July 1, 2013)……....5

*Picerni v. Bilingual Seit & Preschool, Inc.*,
 925 F. Supp. 2d 368 (E.D.N.Y. 2013)……………………………….…….…..8-10

*Ramming v. Natural Gas Pipeline Co.*,
 390 F.3d 366 (5th Cir. 2004) (per curiam)……………………….....……………3

*Sutherland v. Ernst & Young LLP*,
 726 F.3d 290 (2d Cir. 2013)……………………………………………………….5

*Webb v. James*,
 147 F.3d 617 (7th Cir. 1998)……………………………...………………………3

*West Coast Hotel v. Parrish*,
 300 U.S. 379 (1937)……………………………………………………...……….4

**RULES**

Fed. R. Civ. P. 68……………………………………………………….....…….*passim*

Fed. R. Civ. P. 41……………………………………………………….…….*passim*

**PRELIMINARY STATEMENT**

As the Court noted in its March 31, 2016 Memorandum Order to The Clerk of Court, whether an accepted offer pursuant to Fed. R. Civ. P. 68 requires judicial scrutiny for fairness is "a very important issue". Dkt. 62. This is so because the imposition of court approval of accepted Offers of Judgment in FLSA cases would be a dramatic judicial usurpation of legislative power and an individual's right to contract. Federal courts have no authority to obstruct the normal operation of Rule 68 on the basis of FLSA-specific policy considerations, including those discussed in the March 31, 2016 Order.

Rule 68 (a) provides a mechanism whereby settlement can be efficiently achieved. It states that once a Rule 68 offer is timely accepted and filed, "[t]he clerk *must* then enter judgment." Fed. R. Civ. P. 68 (a) (emphasis added). This directive is unambiguous. The policy considerations that motivated the Second Circuit to impose a court approval requirement on Fed. R. Civ. P. 41(a)(1)(A)(ii) in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), may not be used to modify the operation of Rule 68. Those courts that have found an FLSA exception to Rule 68 are effectively rewriting the rule.

In *Marek v. Chesny*, 473 U.S. 1 (1985), the Supreme Court expressly endorsed the "plain meaning construction" of Rule 68, refusing to read an atextual, policy-based requirement into the rule. 473 U.S. at 10. The approval requirement that this Court contemplates superimposing upon Rule 68 would make accepting a *valid* Rule 68 offer a fraught proposition for an FLSA plaintiff. Plaintiffs respectfully request this Court

1

construe Rule 68 strictly, as the *Marek* court did, and grant Plaintiffs' Motion for an Order to the Clerk of Court to enter judgment on the accepted Rule 68 Offer of Judgment.

## BACKGROUND

Plaintiff Thomas Baba (the "lead Plaintiff") filed a Class Action Complaint against Defendant Beverly Hills Cemetery Corporation Inc.[1] on behalf of himself and all others similarly situated on July 1, 2015, seeking unpaid wages and other damages pursuant to the FLSA, and the New York Labor Law ("NYLL"). Subsequently, John Kobeck, Maureen Hildebrand, Kim Brophy, Martin Shapiro, and Jesse Goldstein (collectively, the "opt-in Plaintiffs", and, collectively with the lead Plaintiff, "Plaintiffs") joined the lawsuit.

Plaintiffs received an Offer of Judgment made pursuant to Rule 68 dated March 15, 2016 from counsel to Defendant. Plaintiffs filed a Notice of Acceptance of the Offer of Judgment on March 18, 2016. Dkt. 59.

On March 22, 2016, the Court issued a Memo Endorsement on Plaintiffs' Notice of Acceptance of the Offer of Judgment reading "Does this not have to be approved? It is the equivalent of a FLSA settlement." Dkt. 60. On March 24, 2016, counsel to Plaintiffs submitted a letter to the Court with the consent of and with no objection from counsel to Defendants, offering reasons that court approval of the accepted Rule 68 offer was not required. Dkt. 61. On March 31, 2016, the Court issued a Memorandum Order to the Clerk of Court, ordering the Clerk not to enter judgment on the accepted offer

---

[1] The Complaint initially listed other several other named Defendants who were voluntarily dismissed from the action by Plaintiffs.

"[n]otwithstanding the provisions of Rule 68 (a)", and to hold the matter in abeyance while the court considers the issue addressed herein. Dkt. 62.

## ARGUMENT

### I. RULE 68 (a) REQUIRES THAT THE CLERK OF COURT ENTER JUDGMENT ON THE ACCEPTED OFFER

Upon the filing of a Notice of Acceptance of an offer of judgment, Rule 68 operates independently of the court (with one limited exception). The rule provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68 (a). If, within 14 days of service, the opposing party serves written notice accepting the offer, and the offer, notice of acceptance of the offer and proof of service are filed, "[t]he clerk *must* then enter judgment." *Id*. Following this straightforward directive, the majority of federal courts hold that where an Offer of Judgment is timely accepted and filed, the court has no authority to prevent entry of judgment on the offer. *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("[The] language [of Rule 68] removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("… [Rule 68]…leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted."); *Ducharme v. Rhode Island*, 30 F.3d 126 (1st Cir. 1994) (per curiam) ("…Rule 68 requires the clerk of the district court to enter the parties' agreed-upon judgment in a ministerial fashion"); *Beauchamp v. Anaheim Union High Sch. Dist.*, No. 14-56212, 2016 U.S. App. LEXIS 480, at *13 (9th Cir. Mar. 16, 2016); *Ramming v. Natural Gas Pipeline Co.*, 390 F.3d 366, 370-71 (5th Cir. 2004) (per curiam); *Perkins v. U.S. West Communs*, 138 F.3d 336, 338 (8th Cir. 1998); *Bevier v. Blue Cross & Blue*

3

*Shield*, 337 Fed. Appx. 357, 359 (4th Cir. 2009) (per curiam); *Barnhill v. Stark Estate*, 2015 U.S. Dist. LEXIS 125115, at *3 (E.D.N.Y. Sep. 17, 2015) ("Rule 68, by its terms, *requires* entry of judgment.") (emphasis added); *Harris v. City of N.Y*, 2004 U.S. Dist. LEXIS 12879, at *2 (S.D.N.Y. July 7, 2004) ("…the entry of final judgment pursuant to Rule 68…does not require the action of the judge.")

A limited exception to this rule is recognized. Fed. R. Civ. P. 23 (e) requires district courts to monitor all class action settlements. Consequently, accepted Rule 68 offers in class action cases are subject to judicial oversight. *See Bevier*, 337 Fed. Appx. at 359, n.1.

In this case, Plaintiffs did not move for class certification, and would not be subject to the class action exception. By operation of law, the Clerk of Court is required to enter judgment on the accepted offer.

## II. JUDICIAL INTERFERENCE IN CONTRACTUAL AGREEMENTS ON THE BASIS OF ABSTRACT POLICY CONSIDERATIONS IS DISFAVORED, EVEN IN THE FLSA CONTEXT

At its core, an accepted Rule 68 offer is a simple contractual agreement between the parties. S*ee Goodheart Clothing v. Laura Goodman Enters.*, 962 F.2d 268, 272 (2d Cir. 1992). Parties to litigation are at liberty to form contracts with one another, absent a legislative directive to the contrary. *Cf. West Coast Hotel v. Parrish*, 300 U.S. 379, 400 (1937). In fact, Rule 68 "expresses a clear policy of favoring settlement of all lawsuits," *Marek*, 473 U.S. at 10, thereby **encouraging** parties to enter into settlement contracts with one another.

The Supreme Court and the Second Circuit are largely deferential to contractual agreements entered into by parties, and reluctant to upset them on abstract, public policy-

4

based grounds. This is exemplified by the restraints these courts have placed on the scope of the judicial review of arbitration agreements. *See, e.g., Am Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2312 (2013) (upholding contractual provision waiving right to class arbitration); *DiRussa v. Dean Witter Reynolds*, 121 F.3d 818, 825 (2d Cir. 1999) (upholding arbitration award that violated federal statutory law by failing to include an award of attorney's fees).

In the arbitration context, the Second Circuit does not view the "unique policy considerations" of the FLSA, *Cheeks*, 796 F.3d at 207, to infringe upon parties' rights to enter into contracts with each other, or to allow courts to override such agreements. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 299 (2d Cir. 2013) (holding that "the FLSA does not include a contrary congressional command that prevents a class-action waiver provision in an arbitration agreement form being enforced by its terms").[2] The treatment of a Rule 68 offer in the FLSA context should be no different than that of the class-action waiver provision in *Sutherland*. "Rule 68 contains no exclusion that precludes its application in a FLSA case, nor does it conflict with the policy concerns animating jurisprudence thereunder." *Perez v. Pinon Mgmt.*, Civil Action No. 12-cv-00653-RM-MEH, 2013 U.S. Dist. LEXIS 189027, at *41-42 (D. Colo. July 1, 2013) (citing *Mackenzie v. Kindred Hosps. E.*, 276 F. Supp. 2d 1211, 1216-17 (M.D. Fla. 2003)) (internal quotation marks omitted).  While the policy considerations underlying

---

[2] In certain ways, courts' refusal to invalidate arbitration agreements have even more severe and draconian policy effects on the general public than invalidating an accepted Rule 68 offer. For example, to have phone lines installed in New York City, all providers require customers to sign sales contracts including arbitration provisions. In order to obtain a phone line, from any available carrier in New York City, a consumer **must** waive their constitutional right to a public jury trial. Such deference to parties' right to contract must necessarily be applied to the Rule 68 context.

the FLSA are indeed important, they are no more or less important than those underlying a number of other remedial statutes. As one court recently noted,

> "…surely, that evil [of overwork without statutorily required compensation] is no greater than a case where a police officer gratuitously beats a suspect (42 U.S.C. § 1983), or a debt collector threatens children that their father will be imprisoned if he does not pay his bill (Fair Debt Collection Practices Act), or a consumer's credit is ruined because of a falsely reported debt (Fair Credit Reporting Act), or an employee is forced to submit to unwanted sexual advances or face termination (Title VII). These, and many others, are federal cases for a reason. **They are all important, and the statutes and constitutional provisions under which they arise all protect unique interests based on unique policy considerations.**"

*Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *5. As mentioned above, precedent weighs heavily in favor of allowing contractual liberty where Congress has not restricted it. As the FLSA does not direct federal courts to limit the parties' freedom to contract with one another pursuant to Rule 68, this Court should not impose such a limitation.

### III. THE SECOND CIRCUIT'S *CHEEKS* DECISION DOES NOT MANDATE COURT APPROVAL OF ACCEPTED RULE 68 OFFERS BEFORE JUDGMENT MAY BE ENTERED

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), an outlier in modern FLSA jurisprudence, nevertheless does not reach Rule 68. *Cheeks* mandated that parties seeking to settle FLSA claims with prejudice through a private stipulated dismissal under Rule 41(a)(1)(A)(ii) must obtain judicial approval to dismiss their claims. 796 F.3d at 206. As noted in the Court's March 31, 2016 Memorandum Order to The Clerk of Court, the *Cheeks* court was certainly motivated by policy concerns. Dkt. 62. These considerations include the potential unfairness of stipulated settlements to claimants, and the "remedial and humanitarian goals" of the FLSA. *Cheeks*, 796 F.3d at 206. But, *Cheeks* could not have legally justified its conclusions without a statutory basis for implementing them. The "applicable federal statute" exception of Rule 41 shows Congress's intent to give the judiciary the power to alter the operation of that particular federal rule in the interest of equity. This exception, rather than the policy considerations specific to FLSA cases, is what granted the *Cheeks* court the authority to subject the rule to the FLSA. *Id.*

Unlike Rule 41, Rule 68 contains no language authorizing courts to modify its operation in accordance with the policy objectives underlying any particular statute (or for any other reason). In *Barnhill v. Stark Estate*, which presented the same question now before this Court, the court found the absence of an "applicable federal statute" exception to distinguish *Cheeks* from the Rule 68 context. *See Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *3. ("[t]o hold that Rule 68 is not available in FLSA cases would be to rewrite it."); *see also Corado v. Nevetz Eleven Ice Cream Parlour*, No. 15-CV-5985, 2016 U.S.

7

Dist. LEXIS 45992, at *4 (E.D.N.Y. Apr. 5, 2016) ("To apply *Cheeks* in the Rule 68 context, where there is no federal statutory exception, would be a bridge too far.")

Further, the notion that *Cheeks* is applicable to offers of judgment pursuant to Rule 68 flies in the face of the decision's deliberately limited scope. The *Cheeks* court pointedly declined to apply its logic to any method of settlement other than private stipulated dismissals under Fed. R. Civ. P. 41(a)(1)(A)(ii). The court explicitly noted the inapplicability of its reasoning to stipulated dismissals under a separate provision of Rule 41. *See Cheeks*, 796 F.3d at 201, n.2 ("…we leave for another day the question of whether parties may settle [cases with FLSA claims] without court approval…by entering into a Rule 41(a)(1)(A) stipulation without prejudice.")

The *Cheeks* court's treatment of *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368 (E.D.N.Y. 2013) (Cogan, J.) shows that *Cheeks* was not intended to reach Rule 68. The relevant facts of *Picerni* closely resembled those of the instant case. The plaintiff filed a notice of acceptance of the defendant's Rule 68 offer, and the court initially prevented judgment from being entered on the ground that "[s]tipulated settlements in an FLSA case must be approved by the Court in the absence of the direct supervision of the Secretary of Labor." 925 F. Supp. 2d at 369. However, Judge Cogan later reversed his preliminary decision in *Picerni*, reasoning that "because the parties would have had the right to voluntarily dismiss their action under Rule 41, it followed that they had the right to resolve their action by a Rule 68 judgment." *Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *2 (Cogan, J.).

As Judge Cogan noted in his more recent opinion in *Barnhill*, the *Cheeks* court expressly abrogated his prior decision in *Picerni* insofar as it concerned Rule 41, 796

F.3d at 207, but "did not involve, or even mention Rule 68." *Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *2. *Picerni*'s conflation of Rules 41 and 68 presented the *Cheeks* court with the opportunity to apply the same strictures to settlements reached pursuant to Rule 68 offers as it did to those reached pursuant to Rule 41 stipulated dismissals. The fact that the *Cheeks* court declined to do so indicates that *Cheeks* should not be read to reach settlements made pursuant to Rule 68.

### IV. SOME COURTS HAVE IMPROPERLY READ AN FLSA EXCEPTION INTO RULE 68

No federal Court of Appeals has held that court approval is a prerequisite for judgment to be entered on accepted Rule 68 offers in FLSA cases.  However, the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) has been cursorily cited by some District Courts to support the imposition of a judicial approval requirement on accepted offers of judgment in FLSA cases, notwithstanding that such a requirement is in direct conflict with the text of Rule 68. *See, e.g., Boswell v. Bonnaroo Rest. Grp. II, L.P.*, No. CV 115-165, 2016 U.S. Dist. LEXIS 23971, at *2-3 (S.D. Ga. Feb. 26, 2016) ("[w]hen a plaintiff's [FLSA] claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the court of its duty to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute…") (internal quotation marks omitted); *Banegas v. Gen. Lawn Serv. Corp.*, No. GJH-13-3728, 2014 U.S. Dist. LEXIS 98009, at *3 (D. Md. July 17, 2014) ("...[T]he FLSA modifies Rule 68 (a) such that in claims filed under FLSA, the court will enter judgment when presented with an offer *only after* the court is satisfied that the settlement is a reasonable compromise.") (emphasis in original).

9

In *Lynn's Food Stores*, the Eleventh Circuit found that "great inequalities in bargaining power between employers and employees" necessitated that provisions of the FLSA not be "subject to negotiation or bargaining between employers and employees." 679 F.2d at 1352. The *Lynn's Food Stores* court held that a negotiated settlement of an FLSA claim for back wages is valid only when reached under the supervision of the DOL, or through "a stipulated judgment entered by a court which has determined that [the settlement]…is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

Simply put, the courts that interpret *Lynn's Food Stores* to require judicial oversight of Rule 68 offers "get something out of *Lynn's Food Stores* that is not there." *Mackenzie v. Kindred Hosps. E.*, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003). *Lynn's Food Stores* "does not dispose of the issue of whether the parties in a pending action can voluntarily dismiss the case without any judicial assurances if that is what they want to do." *Picerni*, 925 F. Supp. 2d at 374. Moreover "*Lynn's Food Stores* does not address whether an employee's rights under the FLSA may be the subject of a Rule 68 offer of judgment. To the contrary, it does not even mention Rule 68." *Mackenzie*, 276 F. Supp. 2d at 1217. Therefore, *Lynn's Food Stores* is easily distinguishable from cases like instant case that involve accepted Rule 68 offers.

Although the FLSA is a "uniquely protective statute," *Cheeks*, 796 F.3d at 207, it must not be read in a way that is inconsistent with the language of Rule 68. The district courts that have read *Lynn's Food Stores* to create an FLSA exception to Rule 68 are effectively rewriting the rule, on the basis of amorphous and vague policy considerations. Their flawed reasoning should not persuade this Court.

10

### V.     THE IMPOSITION OF A REQUIREMENT THAT PARTIES SEEK JUDICIAL APPROVAL OF ACCEPTED RULE 68 OFFERS WOULD HAVE DISASTROUS PRACTICAL CONSEQUENCES FOR PLAINTIFFS AND DEFENDANTS

Requiring accepted Rule 68 offers to be approved by the court before entry of judgment would put FLSA plaintiffs (and their attorneys) at disadvantage, due to the cost-shifting mechanism of Rule 68 (d). That provision states "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68 (d). As the Court noted in the March 31 Memorandum Order, many FLSA matters are taken on contingency, and offers of judgment in FLSA cases are almost invariably inclusive of attorneys' fees (like the offer accepted in this case). Dkt. 62. Therefore, where a Rule 68 offer is not accepted, the offeree's right to an award of attorneys' fees incurred after the offer was tendered cuts off. *See* Dkt. 62; *Baum v. Cty. of Rockland*, 2005 U.S. Dist. LEXIS 8751, at *7-9 (S.D.N.Y. Jan. 7, 2005) (McMahon, J.).

The text of Rule 68 contemplates only two possible outcomes upon the service of a Rule 68 offer upon a party. The first is acceptance, upon which the clerk must enter judgment, and the second is non-acceptance, which triggers the cost-shifting mechanism of Rule 68 (d). Rule 68 provides no instruction as to what a Rule 68 offer accepted by the offeree, but subsequently *not* approved by the court, should be considered as.

For plaintiffs in FLSA cases, the consequences of this would very likely be catastrophic. As the acceptance of an offer would seem to presume entry of judgment on that offer thereafter, an offer not approved by the court would necessarily be treated as an unaccepted offer for purposes of Rule 68 (d). It follows that a plaintiff who received and accepted a satisfactory Rule 68 offer, only for the court to deny its approval, would

subsequently be required to obtain following trial an award *greater* than the offer that he or she previously deemed to satisfy his or her judgment. Alternatively, if an offer not approved by the court is deemed not to be a valid Rule 68 offer, then the court is unfairly determining litigation strategy for defendants looking to minimize the cost of litigation incurred.

A requirement of judicial approval for accepted offers may also transform Rule 68 from a tool to facilitate settlement to a weapon at the disposal of savvy FLSA defendants. By serving a plaintiff with an outrageously munificent offer of judgment that no court could possibly grant approval to in the early stages of litigation, a defendant would present the plaintiff with a Hobson's choice – to not accept the Rule 68 offer, or to accept the offer and submit it for approval fully aware that the court will reject it, because such settlement would be **unfair** to defendants, as an unsupported overpayment or a windfall to Plaintiffs. Either way, the plaintiff would probably be unfairly denied an award of attorney's fees and be subject to cost-shifting.

The above-mentioned consequences show that piecemeal changes to the Rule 68 process implemented by judicial fiat would likely be counterproductive. The *Marek* court noted that, pursuant to Rule 68:

> "[s]ome plaintiffs will receive compensation in settlement where, on trial, they might not have recovered, or would have recovered less than what was offered. And, even for those who would prevail at trial, settlement will provide them with compensation at an earlier date without the burdens, stress, and time of litigation.

12

**In short, settlements rather than litigation will serve the interest of plaintiffs as well as defendants**."

*Marek*, 473 U.S. at 10 (emphasis added). The purpose of Rule 68 is not to make settlements more egalitarian or just. Rule 68 was designed to make settlements more **common**, and thus to make the overburdened court system more efficient. *See Id*. at 10-11. This would appear to be an especially pressing concern in the FLSA context, given the volume of FLSA cases that are filed. *See Barnhill*, 2015 U.S. Dist. LEXIS 125115, at *5 ("[I]t is not possible to perform a cost/benefit analysis to determine whether apprehending what may be relatively few outlier unfair settlements warrants fairness hearings in each of the 8,126 [FLSA] cases [filed in 2014]." )

Consequently, Congress has given the federal judiciary no authority to police accepted Rule 68 offers in FLSA. The above-described consequences show that implementing such a requirement might well "break" the mechanism contemplated by Rule 68.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 14, 2016 | LEE LITIGATION GROUP, PLLC |
| New York, New York | By: */s/ C.K. Lee* _____ |
|  | C.K. Lee, Esq. (CL 4086) |
|  | Anne Seelig, Esq. (AS 3976) |
|  | 30 East 39th Street, Second Floor |
|  | New York, NY 10016 |
|  | Tel: (212) 465-1188 |
|  | Fax: (212) 465-1181 |
|  | *Attorneys for Plaintiffs* |

13