**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

THOMAS BABA, et al.

        Plaintiffs,

        -  against -                    **Case No.** 15-cv-5151

BEVERLY HILLS CEMETERY
CORPORATION INC., et al.

        Defendants.

_____x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A
STAY PENDING APPEAL AND FOR CERTIFICATION OF THE COURT'S
MARCH 31, 2016 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28
U.S.C. § 1292 (b)**

C.K Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
_Attorneys for Plaintiffs_

### TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………..……1

ARGUMENT…………………………………………………………………….............1

   I.    THE COURT SHOULD GRANT A STAY OF THESE PROCEEDINGS, PENDING APPEAL………………………………………………………..2

       (A)   Plaintiffs are Likely To Succeed On The Merits………………………3

       (B)   Plaintiffs Will Be Irreparably Injured If No Stay is Granted………...3

       (C)   Issuance of The Stay Will Not Substantially Injure Other Parties To The Proceedings………………………………………………………4

       (D)   The Public Interest Favors a Stay of This Case, Pending Appeal…….4

   II.    THE COURT SHOULD CERTIFY THE MARCH 31, 2016 ORDER FOR INTERLOCUTORY APPEAL……………………..................................................5

       (A)   The Court's March 31, 2016 Order Is Not Otherwise Appealable Under 28 U.S.C. § 1292……………………………………………..…5

       (B)   The Order At Issue In This Case Involves A Controlling Question Of Law…………………………………………………..………………5

       (C)   There is A Substantial Ground For Difference Of Opinion As To The Question of Law In This Case……………………………………...6

       (D)   An Immediate Appeal From The March 31, 2016 Order Would Materially Advance The Ultimate Termination of the Litigation…….6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Balintulo v. Daimler AG*,
     727 F.3d 174 (2d Cir. 2013) …………………………………………….……...5

*Barnhill v. Stark Estate*,
     2015 U.S. Dist. LEXIS 125115 (E.D.N.Y. Sep. 17, 2015)………………….…….4, 6

*Cheeks v. Freeport Pancake House, Inc.*,
     796 F.3d 199 (2d Cir. 2015)………………………………………………….…3, 6

*Corado v. Nevetz Eleven Ice Cream Parlour*,
     No. 15-CV-5985, 2016 U.S. Dist. LEXIS 45992 (E.D.N.Y. Apr. 5, 2016)……………4, 6

*In re Facebook, Inc.*,
     986 F. Supp. 2d 524 (S.D.N.Y. 2014)………………………………………………5 - 6

*Lynn's Food Stores, Inc. v. United States*,
     679 F.2d 1350 (11th Cir. 1982)………………………………………………………...3

*McCue v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.)*,
     503 F.3d 167 (2d Cir. 2007)………………………………………………………….…2

**Statutes**

28 U.S.C. § 1292……………………………………………………………………….*passim*

**Rules**

Fed. R. Civ. P. 68 (a)…………………………………………………………………….*passim*

## PRELIMINARY STATEMENT

Plaintiffs moved for an Order to the Clerk of Court to Enter Judgment on the Accepted Rule 68 Offer of Judgment (hereinafter Plaintiffs' "Motion to Enter Judgment").  In the event that Plaintiffs' above-mentioned Motion to Enter Judgment is denied, Plaintiffs respectfully request, by the instant Motion:

(1)    that the Court order a stay of this action, pending appeal, and;

(2)    that, pursuant to 28 U.S.C. § 1292 (b), the Court certify for interlocutory appeal the March 31,  2016 Order to the Clerk of Court directing the Clerk not to enter judgment on the accepted offer of judgment (hereinafter, the "March 31, 2016 Order"), and any subsequent order denying Plaintiffs' Motion to Enter Judgment.

If Plaintiffs' Motion to Enter Judgment is denied, the Court should order the above-mentioned relief, for the reasons stated below.

## ARGUMENT

Pursuant to 28 U.S.C. § 1292 (b), quoted in relevant part, "the application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." In the event that Plaintiffs' Motion to Enter Judgment is denied, Plaintiffs respectfully request that this Court issue an order staying proceedings in this matter in anticipation of the interlocutory appellate review of this Court's March 31, 2016 Order and of any subsequent order denying Plaintiffs' separate Motion to Enter Judgment.

**I.     THE COURT SHOULD GRANT A STAY OF THESE PROCEEDINGS, PENDING APPEAL**

The Second Circuit has set forth four factors relevant to whether an action should be stayed pending appeal. These include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *McCue v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) (internal citations omitted). "The degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *Id.* (internal quotation marks and citations omitted). For the reasons stated below, the Court should grant a stay pending appeal.

**A.     Plaintiffs Are Likely To Succeed On The Merits**

Plaintiffs' Motion to Enter Judgment is presently before this Court. However, Plaintiffs believe that their position (fully articulated in the Memorandum of Law In Support of Plaintiff's Motion for an Order to the Clerk of Court to Enter Judgment on the Accepted Rule 68 Offer of Judgment) will succeed on the merits, before this Court, and before the Court of Appeals.

An abridged version of Plaintiffs' argument is as follows: This Court has no authority to require the parties to seek judicial approval of the accepted Rule 68 offer on the basis of FLSA-specific policy considerations. If a Notice of Acceptance of a Rule 68 offer is timely and properly filed, with the offer itself and proof of service annexed thereto, Rule 68 (a) mandates that  "[t]he clerk *must* then enter judgment." Fed. R. Civ. P. 68 (a) (emphasis added). Following this straightforward directive, the vast majority of federal courts hold that there is no judicial authority to prevent entry of judgment on the offer following acceptance. By obstructing the Rule 68 Process, a court usurps the legislative power, and in doing so, tramples the parties'

2

freedom to enter contractual agreements to settle cases (which is precisely what Rule 68 was designed to encourage).

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) is applicable only to private stipulated dismissals pursuant to Rule 41, and not to accepted offers of judgement under Rule 68. Courts in other circuits that have relied on *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) to require the judicial approval of accepted Rule 68 offers effectively rewrite the rule. Moreover, from a practical perspective, it is likely that a judicial approval requirement in FLSA would have singularly adverse consequences for both FLSA plaintiffs and defendants, resulting from the cost-shifting mechanism of Rule 68(d). Such a requirement would seriously undermine Rule 68's purpose.

### B.      Plaintiffs Will Be Irreparably Injured If No Stay Is Granted

Plaintiffs strongly believe that federal courts lack the authority to scrutinize and approve accepted Rule 68 offers, and believe that the Second Circuit will agree with this view even if the Court denies Plaintiffs' Motion to Enter Judgment. But, if no stay of this matter is granted, the parties would be forced to present the accepted offer to the court for approval. It would not be possible to question this Court's authority to conduct a fairness hearing on appeal *after* the fairness hearing has already occurred.

If subjected to an approval process, the accepted Rule 68 offer might be rejected by the Court. This would cause irreparable harm to Plaintiffs. As Plaintiffs accepted the offer in this case, but judgment was not entered on it, the offer would be treated as unaccepted if the litigation were to continue. Therefore, if the court denies the instant request, the Plaintiff's right to attorney's fees would be cut off on the date the offer was made. *See* Fed. R. Civ. P. 68 (d).  If the Court does not grant a stay, Plaintiffs stand to lose either their right to contest the Court's

determination, their attorneys' fees accumulated during a substantial portion of this litigation, or both.

### C.     Issuance of The Stay Will Not Substantially Injure Other Parties To The Proceeding

Defendants will not be harmed by a stay of these proceedings. In fact, Defendants offered their consent and declined the opportunity to object to Plaintiffs' March 24, 2016 letter to the Court, Dkt. 61, wherein Plaintiffs informed the Court of our belief that court approval is not required for an accepted Rule 68 offer of judgment to be entered.

### D.     The Public Interest Favors a Stay of This Case, Pending Appeal

This factor weighs heavily in favor of granting a stay, pending appeal. Since the Second Circuit's decision in *Cheeks* was issued in August 2015, three federal district courts in this district have already had cause to consider whether the *Cheeks* decision extends to requiring the judicial approval of accepted Rule 68 offers. The courts in *Barnhill v. Stark Estate*, 2015 U.S. Dist. LEXIS 125115 (E.D.N.Y. Sep. 17, 2015) and *Corado v. Nevetz Eleven Ice Cream Parlour*, No. 15-CV-5985, 2016 U.S. Dist. LEXIS 45992 (E.D.N.Y. Apr. 5, 2016) found that it does not. If this Court takes the position that *Cheeks* does in fact reach Rule 68, it would be in the public interest for the Second Circuit to provide lower courts and parties to FLSA cases with direction on this important issue. The fact that an extremely high number of FLSA cases are filed in the Southern and Eastern Districts of New York makes the prompt and conclusive resolution of this issue even more salient, and vital to the public interest.

## II.    This Court Should Certify The March 31 Order and Any Order Denying Plaintiffs' Motion To Enter Judgment For Interlocutory Appeal

28 U.S.C. § 1292 (b) provides, in relevant part, that "[w]hen a district judge, in making in a civil action **[1]** an order not otherwise appealable under this section, shall be of the opinion that such order **[2]** involves a controlling question of law as to which **[3]** there is substantial ground for difference of opinion and **[4]** that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." "When a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to **certify** an **interlocutory appeal**." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (emphasis in original, internal quotation marks and citations omitted). For the reasons stated below, the court should certify the March 31, 2016 Order and any order denying Plaintiffs' Motion to Enter Judgment for interlocutory appeal.

### A.    The Court's March 31 Order Is Not Otherwise Appealable Under 28 U.S.C. § 1292

Like the order certified for interlocutory appeal in *Cheeks*, the Court's March 31, 2016 Order directing the Clerk of Court not to enter judgment on the expected offer of judgment in this matter is not appealable under any other provision of 28 U.S.C. § 1292.

### B.    The Order At Issue In This Case Involves A Controlling Question Of Law

"In determining whether a **controlling question** of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number

5

of cases." *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (emphasis in original). Here, reversal of an adverse ruling of this Court by the Second Circuit would **directly** result in the dismissal of this action. If judgment were entered on the offer accepted, Plaintiffs' claims would be satisfied. The case would end. Moreover, as the Court noted in the March 31, 2016 Order, this is "a very important issue." Dkt. 62. As a large number of FLSA cases are brought in the district courts of the Second Circuit, and because the vast majority of FLSA cases result in settlement, it is indisputable that a binding appellate precedent resolving this issue would have a tremendous impact, rivaling that of *Cheeks*.

## C.     There Is Substantial Ground For Difference of Opinion As To The Question of Law in This Case

Further, a "substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Facebook*, 986 F. Supp. 2d at 539. Because of the uncertainty generated by *Cheeks*, the question presented by this case has reached three district courts in the Southern and Eastern Districts of New York in rapid succession, as discussed, *supra*. If this Court disagrees with the *Barnhill* and *Corado* courts, there will be a clear conflict of authority between district courts in this Circuit. Like its progenitor, *Cheeks*, this is a question of first impression for the Second Circuit. An appeal of the Court's March 31, 2016 Order would allow the Second Circuit to provide much-needed guidance on a pressing question that is essentially of its own creation.

## D.     An Immediate Appeal From The March 31 Order Would Materially Advance The Ultimate Termination Of The Litigation

If this Court denies Plaintiffs' Motion to Enter Judgment, the dynamic in this litigation would be an unusual one: the parties would be in agreement that this matter should end, but the

Court would not. Given this situation, appellate review would not only be helpful but necessary to break the deadlock, and push this case towards termination. As noted above, a ruling of the Second Circuit reversing the Court's March 31, 2016 Order would allow entry of judgment, which, in turn, would fully satisfy Plaintiffs' claims, and thus end this litigation. Even a ruling adverse to Plaintiffs' position would provide guidance to the parties on how they should proceed.

*    *    *

Plaintiffs respectfully request that the Court grant Plaintiff's Motion to Enter Judgment. In the alternative, if the Court elects to deny Plaintiffs' Motion To Enter Judgment, Plaintiffs respectfully request that the Court grant a stay of this action, pending appeal, and, further; that the Court certify the March 31, 2016 Order to the Clerk of Court directing the Clerk not to enter judgment on the accepted offer of judgment, and any order denying Plaintiffs' Motion to Enter Judgment, for interlocutory appeal to the Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1292 (b).

Respectfully submitted,

Dated: April 14, 2016        LEE LITIGATION GROUP, PLLC

    New York, New York    By:   */s/ C.K. Lee* _____

                   C.K. Lee, Esq. (CL 4086)
                   Anne Seelig, Esq. (AS 3976)
                   30 East 39th Street, Second Floor
                   New York, NY 10016
                   Tel: (212) 465-1188
                   Fax: (212) 465-1181

                   *Attorneys for Plaintiffs*